IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTRUN LASHUN PIERCE, | ) | |
| AIS 202512, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-688-ECM-JTA |
| | ) | |
| CAPTAIN OTIS SMITH, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Antrun Pierce, proceeding *pro se*, filed this 42 U.S.C. § 1983 action on October 14, 2021. Defendants have since filed an Answer, Special Report, and supporting evidentiary materials denying Plaintiff's allegations. Doc. No. 25. On September 9, 2022, the Court instructed Plaintiff to file a response to Defendants' materials by September 30, 2022, and informed Plaintiff that his failure to file a response would result in a recommendation that this case be dismissed for failure to prosecute. Doc. No. 26. The undersigned granted Plaintiff's requests to extend the time to file a response. Docs. No. 31, 35. The most recent order extended the time for Plaintiff's response filing to January 3, 2023. Doc. No. 35. To date, Plaintiff has not filed a response to Defendants' materials or otherwise complied with the Court's September 9, 2022, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Based on the foregoing, the undersigned concludes this case is due be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that by **February 24, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" accepted or adopted by the District Court except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of February, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE